# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ENRIQUE CAZAREZ, ) | |
| ) | |
| Movant, ) | |
| ) Civil No. 10-01303-CV-W-FJG | |
| v. ) Crim. No. 04-00244-06-CR-W-FJG | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Currently pending before the Court is the Government's Motion for An Order directing Robert Kuchar, Assistant Federal Public Defender, to appear at the upcoming Evidentiary Hearing (Doc. # 13).

Cazarez pleaded guilty to a federal drug violation and was originally sentenced to 235 months imprisonment. On March 14, 2008, Cazarez filed a motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel at his initial sentencing. The motion was granted and a sentence of 150 months was then imposed. Cazarez has now filed a second § 2255 motion arguing that he received ineffective assistance of counsel during his resentencing hearing. Cazarez argues that defense counsel failed to file a notice of appeal and also failed to argue that his criminal history was overstated. On January 31, 2012, the Court determined that an evidentiary hearing was necessary on plaintiff's claim that his counsel was ineffective for failing to file an appeal. Cazarez was represented by Mr. Kuchar at his resentencing hearing. In preparation for the upcoming hearing, the Government contacted Mr. Kuchar to determine the substance of the testimony he would provide and to ensure that he would appear at the hearing. Mr.

Kuchar indicated that he was reluctant to provide any information regarding his former representation of Mr. Cazarez without an Order from the Court. The Government argues that Mr. Kuchar's testimony is necessary to resolve the current claim because the facts alleged by Mr. Cazarez concern communications about which only he and Mr. Kuchar have knowledge.

In <u>Tasby v. United States</u>, 504 F.2d 332, 336 (8th Cir. 1974), <u>cert. denied</u>, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975), the Court stated:

> It has long been the law that a client may waive protection of the [attorney-client] privilege, either expressly or impliedly. . . . One of the circumstances which may support a conclusion of a waiver is an attack by the client upon his attorney's conduct which calls into question the substance of their communications. A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . . . Surely, a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.

<u>See</u> <u>also</u> <u>Stobaugh v. U.S.</u>, No. 06-3317-CV-S-RED, 2007 WL 628420, *1, n.1 (W.D.Mo. Feb. 27, 2007)("Stobaugh waived the attorney-client privilege when he claimed that his attorney's advice constituted ineffective assistance of counsel."). <u>See</u> <u>also</u> <u>Purkey v. U.S.</u>, No. 06-8001-CV-W-FJG, 2009 WL 3160774 ,*2-3 (W.D.Mo. Sept. 29, 2009). The Court finds that Cazarez has waived the attorney-client privilege as to his ineffective assistance of counsel claims. Accordingly, the Court hereby **GRANTS** the

Government's Motion for An Order (Doc. # 13).  Mr. Kuchar is hereby **ORDERED** to appear at the evidentiary hearing, currently scheduled for **April 12, 2012, at 12:30 p.m.**, and to bring with him a complete copy of the criminal file maintained by the Federal Public Defender's Office.


Date: 4/2/2012
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge